IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEGGY DINKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-02112-JAR-JPO |
| ) | |
| APRIA HEALTHCARE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO OBJECTION TO PRETRIAL ORDER ON ATTORNEYS' FEES AND MOTION TO REVIEW**

Pursuant to D. Kan. Rules 6.1(d)(1) and 7.1, Defendant Apria Healthcare, Inc. ("Apria") submits this brief Memorandum in opposition to the Objection to Pretrial Order on Attorneys' Fees and Motion to Review ("Objection") (Doc. 43) filed by Joshua D. Seiden, Plaintiff's former counsel. In his Objection, Mr. Seiden challenge's Magistrate Judge James P. O'Hara's Order (Doc. 41) awarding Apria its attorneys' fees—$3,201.00 as against Mr. Seiden and $1,067.00 as against Plaintiff—in seeking to compel discovery responses from Plaintiff. As set forth below, Magistrate Judge O'Hara's Order should not be set aside or modified.

**STANDARD OF REVIEW**

As Mr. Seiden notes, a party is entitled to relief from a non-dispositive order of a Magistrate Judge only if the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This is a deferential standard. Woods v. Nazdar Co., No. 12-2411-KHV, 2012 WL 4953082, *1 (D. Kan. Oct. 17, 2012). The Court must affirm the Magistrate Judge's order "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" Id. (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (citations omitted)). "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's

determination only if this discretion is abused." A/R Roofing, LLC v. CertainTeed Corp., 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (citing Comeau v. Rupp., 762 F. Supp. 1434, 1450 (D. Kan. 1991)).

## ARGUMENT

Under the applicable standard, Mr. Seiden has not shown (and cannot show) he is entitled to relief from Magistrate Judge O'Hara's Order. Based on the circumstances set forth in Apria's Motion to Compel Plaintiff's Discovery Responses (Doc. 27) ("Discovery Motion") and in the Order, Magistrate Judge O'Hara's Order was justified and the apportionment of the award between Mr. Seiden and Plaintiff was within his discretion. In support of that conclusion, Apria offers the following:

### A. The award of attorneys' fees was not "unjust."

Mr. Seiden first argues Magistrate Judge O'Hara's Order was unjust because it did not credit his arguments regarding his lack of financial means, which he claims Magistrate Judge O'Hara "could have" relied upon in his discretion to absolve Mr. Seiden of an attorneys' fee award or downwardly adjust the amount of the award. As noted by Magistrate Judge O'Hara, however, Mr. Seiden's argument is unsupported by (1) facts outside of his own conclusory affidavit or (2) authority for the proposition that a party or counsel's financial condition may relieve him—in whole or in part—of sanctions under the Federal Rules of Civil Procedure. On the other hand, Magistrate Judge O'Hara's Order cited authority from other jurisdictions in which courts rejected Mr. Seiden's argument. See Order at p. 6, n.4. Mr. Seiden's Objection provides no contrary authority or any other basis for suggesting Magistrate Judge O'Hara's rejection of the "lack of financial means" argument was clearly erroneous or contrary to law.

Setting aside Mr. Seiden's unsupported argument regarding his financial means, there is ample justification for Magistrate Judge O'Hara's award of attorneys' fees against both Mr. Seiden and Plaintiff. Those circumstances are set forth in significant detail in the Discovery Motion. In short, however, Apria points to the following circumstances justifying the award of attorneys' fees under Rule 37(a)(5):

- Apria's counsel communicated with Mr. Seiden on multiple occasions from August 2012 up to the filing of Apria's Discovery Motion in an effort to resolve numerous deficiencies related to Plaintiff's discovery responses without the necessity of Court intervention.

- Despite those efforts, and contrary to Mr. Seiden's Response, Plaintiff did not supplement her deficient discovery responses, or produce a single document in discovery, until *after* Apria's Discovery Motion and her engagement of new counsel.

- Plaintiff's failure to engage in discovery or cure the numerous deficiencies in her discovery responses prejudiced Apria by requiring it to expend attorneys' fees to file the Discovery Motion and by requiring it to file a Motion for Extension of Time or Suspension of Discovery and Other Pre-Trial Deadlines (Doc. 22).

The events detailed in Apria's Discovery Motion and described above show that an award of attorneys' fees was both necessary and appropriate under the circumstances. Given Plaintiff's originally deficient discovery responses and the complete failure to cure those deficiencies following multiple communications from Apria's counsel, it is difficult to imagine a more appropriate case for an award under Rule 37(a)(5).

B. **Apria was prejudiced by Plaintiff's failure to respond to discovery.**

Mr. Seiden next argues Magistrate Judge O'Hara's Order should be set aside or modified because Apria was not prejudiced by Plaintiff's failure to respond to discovery. Mr. Seiden suggests "there is no indication that [Apria] was prejudiced in the litigation of this matter" by Plaintiff's failure to respond to discovery in light of the extended discovery period in place. Objection at p. 3. However, as Magistrate Judge O'Hara noted in the Order, Mr. Seiden's

argument ignores the fact that Plaintiff's failure to participate in discovery *forced* Apria to incur substantial attorneys' fees in pursuing its Discovery Motion. Mr. Seiden's argument also overlooks the fact that an extended discovery period became necessary, at least in part, to allow Plaintiff's new counsel an opportunity to become familiar with the case and supplement Plaintiff's deficient discovery responses. Simply, Apria was prejudiced by Plaintiff's failure to respond to discovery. Mr. Seiden cannot in good faith argue that Magistrate Judge O'Hara's conclusion in that regard was "clearly erroneous or contrary to law."

For the reasons set forth above, Apria respectfully requests the Court overrule Mr. Seiden's objections to the Order (Doc. 41) and enforce it based on the apportionment of the awarded amount between Plaintiff and Mr. Seiden that the Court deems appropriate.[1]

Respectfully Submitted,

*/s/ Curtis R. Summers*
Christi Hilker Vaglio          KS Bar No. 20408
Curtis R. Summers              KS Bar No. 22063
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
christi.vaglio@huschblackwell.com
curtis.summers@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

---

[1] Mr. Seiden argues Magistrate Judge O'Hara's Order erroneously apportioned the attorneys' fees awarded to Apria. While the filings of both Plaintiff and Mr. Seiden following Apria's Motion for Attorneys' Fees (Doc. 34) showed that attorneys' fees were most appropriately assessed against *both* Plaintiff and Mr. Seiden, the Court is in the best position to determine whether the apportionment in the Order is appropriate based on the parties' submissions.

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of February, 2012, a copy of the above and foregoing was served via ECF notification upon:

Mark Beam-Ward
Beam-Ward, Kruse, Wilson, Wright & Fletes, LLC
8695 College Boulevard, Suite 200
Overland Park, Kansas 66210
mbeamward@bkwwflaw.com

**Attorney for Plaintiff**

And

Joshua D. Seiden
Seiden Law Office, P.A.
8717 W. 110th Street, Suite 50
Overland Park, Kansas 66210
Joshua@seidenlawoffice.com

/s/ *Curtis R. Summers*
**Attorney for Defendant**

KCP-4296383-1