# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEGGY DINKINS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 12-2112-JAR-JPO |
| APRIA HEALTHCARE GROUP, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an employment discrimination case in which Plaintiff alleges federal claims of race and age discrimination and retaliation against her former employer Apria Heathcare Group, Inc. ("Apria"). Before the Court is counsel Joshua Seiden's Objection to Pretrial Order on Attorneys' Fees and Motion to Review (Doc. 43). Mr. Seiden is Plaintiff Peggy Dinkins' former counsel. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court overrules and denies Mr. Seiden's objections to Magistrate Judge O'Hara's Order granting Defendant Apria's motion for its attorneys' fees incurred in bringing its motion to compel.

*Background*

Judge O'Hara entered a scheduling order in this matter on June 21, 2012, setting a July 6, 2012 deadline to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1), and a November 30, 2012 deadline to complete discovery. Plaintiff's initial disclosures were untimely and deficient. Likewise, Plaintiff's answers to Defendant's interrogatories were deficient and she failed to produce any documents requested by Defendant. Several times, Defendant attempted to meet

and confer with Plaintiff, but she would not cooperate in the discovery process. So Defendant filed a motion to compel.[1]

Judge O'Hara conducted a hearing on the motion to compel on November 13, 2012. At that hearing, Judge O'Hara also considered Mr. Seiden's motion to withdraw as counsel, and Defendant's motion to suspend deadlines pending a follow-up scheduling conference. Judge O'Hara granted Mr. Seiden's motion to withdraw,[2] and took the motion to compel under advisement to allow Plaintiff to resolve the matter between her newly retained counsel and Mr. Seiden before the follow-up scheduling conference. At that follow-up scheduling conference, Judge O'Hara found the motion to compel to be moot based on the parties' agreement and issued an amended scheduling order. Judge O'Hara directed Defendant to file a motion for attorneys' fees incurred in connection with filing the motion to compel by December 31, 2012.

Defendant filed a motion for attorneys' fees as a discovery sanction under Fed. R. Civ. P. 37(a), based on the fees it incurred in attempting to resolve discovery disputes with Plaintiff and her counsel in good faith, and in preparing the motion to compel. Both Mr. Seiden and Plaintiff responded and opposed the motion, arguing that an award would be unjust, that Defendant did not suffer prejudice from their conduct, that Mr. Seiden is not financially able to withstand the requested sanction, and disputing the proper apportionment of any sanction as between Mr. Seiden and Plaintiff. Judge O'Hara rejected these arguments, finding that Mr. Seiden's lack of experience in federal court does not justify the discovery abuses, that Defendant was prejudiced by the discovery dispute, and that Mr. Seiden failed to submit sufficient evidence of his or Ms.

---

[1]Doc. 27.

[2]Judge O'Hara directed the Clerk not to terminate Mr. Seiden from receiving notices in this case because he could be implicated in an attorneys' fee request.

Dinkins' financial ability to satisfy the requested fee award. After reviewing Defendant's time charts, Judge O'Hara found that the requested fees are reasonable and that while both Mr. Seiden and Ms. Dinkins should be responsible for the award, Mr. Seiden "bears the brunt of the blame in this matter." He apportioned the award as follows: $3201.00 to be paid by Mr. Seiden, and $1067.00 to be paid by Ms. Dinkins.

*Discussion*

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's nondispositive order. With respect to a magistrate judge's order relating to nondispositive discovery sanctions, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[3] Under the clearly erroneous standard, "'the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

Mr. Seiden first objects to Judge O'Hara's ruling about his financial ability to pay the fee award. He points to the affidavit he executed and attached to his response to the motion for attorneys' fees, where he set forth his financial circumstances. In his motion for review, and in

---

[3] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988); *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[4] *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464).

[5] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

his affidavit, Mr. Seiden discusses his self-reporting to the Disciplinary Administrator based on his conduct in this case and suggests that the impact of the subsequent investigation, in conjunction with the censure he received in Judge O'Hara's fee Order, sufficiently sanctions him for the discovery abuses in this matter. But Judge O'Hara's Order makes clear that he did consider Mr. Seiden's affidavit and found it to be insufficient evidence upon which to reduce the fee award. On the record before him, Judge O'Hara found no basis to reduce the requested fees on the basis of financial ability to pay because Mr. Seiden presented no evidence other than his conclusory statements in the affidavit. Such a finding was not clearly erroneous.

Next, Mr. Seiden objects to Judge O'Hara's finding that Apria was prejudiced by the discovery abuses necessitating its motion to compel. Mr. Seiden contended, and argues again in this motion, that Defendant was not prejudiced because it received the discovery less than three weeks after the deadline and the discovery deadline was extended. The Court agrees with Judge O'Hara that Defendant was prejudiced by the dispute. Defendant, after spending considerable time and effort attempting to meet and confer with Mr. Seiden, was forced to expend time and effort filing the motion to compel. And by Mr. Seiden's own admission, the amended deadlines added nine months to the discovery process, delaying the litigation. Judge O'Hara's finding that Defendant was prejudiced was not clearly erroneous.

Finally, Mr. Seiden objects to the apportionment of the attorney fee award. He specifically contests Judge O'Hara's finding that he bears more responsibility for the discovery issues than Ms. Dinkins. He points to Plaintiff's unwillingness to furnish him with requested discovery materials and suggests that she made deliberately false statements to the Court in responding to the attorney fee request. Once again, Mr. Seiden does not meet his burden of

4

showing that Judge O'Hara's finding was clearly erroneous.  Judge O'Hara found both Ms. Dinkins and Mr. Seiden responsible for the discovery abuses in this case, but found Mr. Seiden more culpable given his status as a licensed attorney who is charged with complying with the Court's rules of practice and procedure, and with explaining these issues to his client.  The Court finds that Judge O'Hara's apportionment finding was supported by the evidence and record in this case.

Judge O'Hara conducted a hearing and carefully considered the record in this case, and the arguments and evidence presented by the parties in determining whether attorneys' fees should be awarded to Defendant under the standard set forth in Fed. R. Civ. P. 37(a)(5).  His findings that sanctions should be awarded and apportioned between Plaintiff and her former attorney were not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Seiden's Objection to Pretrial Order on Attorneys' Fees and Motion to Review (Doc. 43) is **overruled and denied**.

**IT IS SO ORDERED**.

Dated: February 15, 2013

                                          S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE